**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SALVADOR NAVARRO CALUMNO, Jr., | No. 07-70442 |
| Petitioner, | Agency No. A070-818-406 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Salvador Navarro Calumno, Jr., a native and citizen of the Philippines,

petitions for review of the Board of Immigration Appeals' ("BIA") order denying

his motion to reopen deportation proceedings conducted in absentia. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Calumno's untimely motion to reopen to apply for adjustment of status, where the motion was filed more than 10 years after the September 30, 1996, deadline. *See* 8 C.F.R. § 1003.2(c)(2) (a motion to reopen deportation or exclusion proceedings must be filed no later than 90 days after a final order or on or before September 30, 1996, whichever is later); *Matter of M-S-*, 22 I. & N. Dec. 349, 356-57 (BIA 1998) (a motion to reopen an in absentia order in order to apply for adjustment of status is subject to requirements of 8 C.F.R. § 1003.2(c)).

To the extent that Calumno challenges the BIA's 2004 order dismissing his appeal from an immigration judge's order determining that Calumno received proper notice of his hearing, we lack jurisdiction because this petition is not timely as to that order. *See Stone v. INS*, 514 U.S. 386, 405 (1995).

We also lack jurisdiction to consider Calumno's contention that the BIA should have considered invoking its sua sponte authority to reopen proceedings. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011) (this court lacks jurisdiction to review contentions that the BIA failed to reopen sua sponte).

07-70442

This dismissal is without prejudice to petitioner's seeking prosecutorial discretion or deferred action from the Department of Homeland Security.  *See Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471, 483-85 (1999) (stating that prosecutorial discretion by the agency can be granted at any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**